David ZINK, et al., Plaintiffs,

v.

George A. LOMBARDI, et al., Defendants.

Larry C. Flynt, Intervenor.

Case No. 12–4209–CV–C–BP

United States District Court, W.D. Missouri, Central Division.

Signed October 14, 2015

Gino F. Battisti, Foley & Mansfield, PLLP, St. Louis, MO, Gary E. Brotherton, Legal Writes, LLC, Columbia, MO, Eric

W. Butts, S. Paige Canfield, St. Louis, MO, St. Louis, MO, Elizabeth Unger Carlyle,Kent E. Gipson, Kansas City, MO, Micheal J. Gorla, St. Louis, MO, Jennifer Herndon, Florissant, MO, Rebecca L. Kurz, The Kurz Law Office, LLC, Kathryn Parish, Sindel, Sindel & Noble, PC, Clayton, MO, Lowell D. Pearson, Husch Blackwell LLP, Jefferson City, MO, Cheryl Ann Pilate, Morgan Pilate LLC, Kansas City, MO, Charles M. Rogers, Wyrsch, Hobbs & Mirakian, PC, Kansas City, MO, John William Simon, Constitutional Advocacy, LLC, St. Louis, MO, Richard H. Sindel, St. Louis, MO, for Plaintiffs.

Andrew Tyler Bailey, Susan D. Boresi, Gregory Michael Goodwin, David James Hansen, Stephen David Hawke, Jessica M. McKee,Michael Joseph Spillane, Missouri Attorney General's Office, Jefferson City, MO, for Defendants.

Andrew McNulty, Anthony Rothert, Jessie Steffan, American Civil Liberties Union of Missouri Foundation, St. Louis, MO, Gillian R. Wilcox, American Civil Liberties Union of Missouri Foundation, Kansas City, MO, for Movant.

## ORDER AND OPINION (1) GRANTING IN PART AND FINDING TO BE MOOT IN PART INTERVENOR'S MOTION TO UNSEAL DOCKET ENTRIES AND (2) STAYING ORDER PENDING CONCLUSION OF ANY APPEALS

BETH PHILLIPS, JUDGE, UNITED STATES DISTRICT COURT

Larry Flynt ("the Intervenor") has intervened to challenge the continued sealing of certain Docket Entries on the Court's Docket Sheet. For the reasons set forth below, the motion (Doc. 496) is granted in part and found to be moot in part.[1] The Court's Order unsealing the

---

1. Plaintiffs' Motion for Leave to File Supplemental Suggestions (Doc. 505) is granted, and the Supplemental Suggestions attached to the motion are deemed to have been filed.

Docket Entries is stayed until all appeals are concluded (or the time for appealing passes).

## I. BACKGROUND

This lawsuit was brought by prisoners sentenced to death in Missouri. Generally speaking, the suit challenged the lethal-injection protocol utilized by the Missouri Department of Corrections. The substantive issues in the case have been resolved. *See Zink v. Lombardi,* 783 F.3d 1089 (8th Cir.), *cert. denied,* —— U.S. ——, 135 S.Ct. 2941, 192 L.Ed.2d 976 (2015).

The Intervenor points out that some entries on the publicly-available docket sheet are omitted, reflecting that a document was filed *ex parte* and under seal. He seeks to have the Docket Entries unsealed and invokes both the First Amendment and the common law to support his request. The motion does not seek access to the documents themselves; it only seeks access to Docket Entries. Plaintiffs oppose the request, contending that (1) virtually all of the Docket Entries reflect either filings under the Criminal Justice Act ("CJA") or orders related to such filings, and (2) the public does not have a right to access such materials because they are administrative and not judicial in nature. Defendants declare that they have no interest in whether Docket Entries related to CJA filings are made public, but argue that the First Amendment does not bestow a right of access.

## II. DISCUSSION

### A.

The Intervenor's motion specifies the Docket Entries at issue. However, some of the Docket Entries identified are available to the public, so the motion is moot with respect to those entries.

In his Suggestion in Support the Intervenor includes Docket Entries 135 and 136 on a list of Docket Entries at issue. (Doc. 497, p. 2). However, those Docket Entries are publicly available. The Intervenor seems to have acknowledged this point in his Reply Suggestions, which re-lists the Docket Entries at issue but does not include 135 or 136. (Doc. 507, p. 2). There is no need for further discussion of these Docket Entries.

The Intervenor describes Docket Entry 291 as partially available, which is not correct. The following Docket Entries appear both on January 24, 2014:

> NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 1/24/14 as Document No. 291. Exhibit attached to this motion has been deleted until a decision from the Court has been made as to whether the exbibit [sic] can be reattached to this motion. This is a text entry only—no document is attached. (McIlvain, Kelly) (Entered: 01/24/2014) NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 1/24/2014 as Document No. 291, Motion. THIS MOTION WAS DELETED BY ORDER OF THE COURT UNTIL DECISION CAN BE MADE AS TO WHETHER THIS MOTION CAN BE REFILED. This is a text entry only—no document is attached. (McIlvain, Kelly) (Entered: 01/24/2014)

Thus, the Docket Sheet publicly displays the entries made with respect to Document 291. Nothing regarding Document 291 has been sealed.

In his Reply Suggestions the Intervenor seems to desire more information about the document that was withdrawn. (Doc. 507, p. 2 n.2.) However, his motion does not seek modifications to the Docket Sheet. The Intervenor's Motion seeks to have information *already* on the Docket Sheet divulged, but all of the Docket Sheet's information related to Docket En-

try 291 is already viewable by the public. Thus, granting the Intervenor's motion will not provide him any relief regarding Docket Entry 291.

## B.

■ Three facts are critical to analysis of the remaining documents. First, all of the remaining docket entries are CJA filings. Second, a final judgment has been rendered. Third, as noted previously the Intervenor does not seek any documents; he seeks only Docket Entries. In light of these facts there is no need to determine whether there is a First Amendment right or a common law right to access the Docket Sheet. Instead, the Intervenor's request is governed by the CJA and judicial guidelines related to the CJA's administration.

■ The CJA is the means by which the Federal Government satisfies its obligation to provide the assistance of counsel to those charged with felonies. The CJA also governs provision of counsel for proceedings involving individuals sentenced to death in state court. *See generally* 18 U.S.C. § 3599. Such proceedings include not only federal habeas petitions but also clemency proceedings, *see Harbison v. Bell*, 556 U.S. 180, 129 S.Ct. 1481, 173 L.Ed.2d 347 (2009), and challenges to the method of execution such as the case at bar.

Congress decreed that certain CJA information be made available to the public. For instance, the amounts paid in a case "shall be disclosed to the public" after the case is over. 18 U.S.C. § 3599(g)(3). Consistent with § 3599(g)(3) and other statutory provisions directing that certain CJA information be made available to the public, the Judicial Conference of the United States has promulgated guidelines ("CJA Guidelines") that govern the public

disclosure of information pertaining to CJA activities.[2] The CJA Guidelines provide that "[g]enerally ... information which is not otherwise routinely available to the public should be made available unless" certain conditions exist, such as when the information might divulge private information about defendants or attorneys, compromise litigation strategies or attorney-client privileges, or otherwise affect the right to effective assistance of counsel or to a fair trial. CJA Guidelines, § 510.30. All CJA documents may be placed under seal while the case is pending, but such a seal should only last "until after all judicial proceedings, including appeals, in the case are completed and for such time thereafter as the court deems appropriate." *Id.* § 510.40. Specific provisions address requests for payment and the amounts paid and reiterate the general principle that these materials be made available when the case is over. *Id.* §§ 520.70, 530. Payment information should be withheld from the public in certain circumstances, such as when necessary to protect an individual's safety or privacy, or to protect a person's attorney-client privilege. *Id.* § 520.50.

The Intervenor does not seek access to the CJA Documents—he seeks something less, namely the Docket Entries for the CJA Documents, which (1) reflect that the CJA Documents have been filed and (2) describe the documents in question. The Court concludes he should have the lesser access he seeks because of the policy (reflected in the CJA and the CJA Guidelines) that CJA Documents are generally to be made available after a case's conclusion. Moreover, there are no privacy, attorney-client privilege, or other concerns that would justify the continued withholding of the Docket Entries. The Docket

---

**2.** These guidelines can be found at the following web address: http://www.uscourts.gov/ rules-policies/judiciary-policies/criminal-justice-act-cja-guidelines.

Entries at issue reflect the filing of the following types of documents: requests for appointment of counsel, budget submissions, requests for payments of fees, costs, and related litigation expenses, and orders on these requests. Given the openness to be accorded to CJA Documents themselves, the Court discerns no reason to keep the docket entries reflecting the filing of these documents under seal.

Plaintiffs point out that some of the Docket Entries are Orders of the Court in text form; that is, the Docket Entry is the Order of the Court, and in some instances those Docket Entries reveal the amounts being awarded to pay certain costs. While Plaintiffs are correct, (see, e.g., Doc. 71 and Doc. 97), their observation does not alter the Court's conclusion. Nothing in those Docket Entries intrudes upon anyone's privacy, compromises defense strategies, divulges privileged information, or is likely to affect anyone's constitutional rights. Even with respect to those Docket Entries reflecting dollar amounts, both Congress and the CJA Guidelines indicate such information must be revealed after the case is over. Perhaps such information need not be (and customarily is not) revealed in this form, but the fact that the information is obtainable at all demonstrates Plaintiffs' concerns do not justify maintaining the Docket Entries' secrecy. The Court concludes that granting the Intervenor's request is consistent with both Congress's intent and the CJA Guidelines.[3]

---

3. Despite eschewing any concern about unsealing the Docket Entries, Defendants suggest "unsealing the docket entries may impair [Plaintiffs' Counsels'] ability to provide zealous representation to their clients" because "public scrutiny can hamper, rather than enhance, the judicial process" and "public scrutiny of the reimbursements made to counsel for the Plaintiffs may hinder counsel's ability to provide the services that our adversarial

## III. CONCLUSION

The Intervenor's Motion to Unseal Docket Entries (Doc. 496) is **GRANTED**. The Clerk of Court is directed to unseal the docket entries for the following documents so that they may be viewed by the public, but the documents themselves are to remain sealed and not available for public viewing: 16, 17, 18, 30, 32, 33, 34, 35, 39, 40, 42, 49, 54, 64, 67, 70, 71, 95, 97, 277, 278, 279, 344, 348, 390, 461, 462, and 472.

The effect of this Order is **STAYED** until all appeals are completed.

**IT IS SO ORDERED.**

---

system relies upon." (Doc. 504, pp. 7–8.) However, section 3599(g)(3) and the CJA Guidelines demonstrate a policy of permitting access to the information (and any resulting public scrutiny) once the case is concluded. Neither the CJA nor the CJA Guidelines indicate generalized concern over the effect of public scrutiny is a reason to preclude public access to the information.